1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REGINALD SMITH,

11              Plaintiff,               No. CIV S-06-2340 ALA P

12         vs.

13   B. NAKU, et al.,

14              Defendants.

15   _____/          ORDER

16        Plaintiff Reginald Smith is a state prisoner proceeding pro se.  He seeks relief pursuant to

17   42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.

19        Mr. Smith has submitted a declaration that makes the showing required by 28 U.S.C.

20   § 1915(a).  *See* Docket No. 2.  Accordingly, his request to proceed in forma pauperis will be

21   granted.

22        Mr. Smith is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $0.00[1] will be assessed by this order.  28

24   _____

25        [1]  Mr. Smith's trust fund account statement shows that, in the six-month period preceding

26   the filing of his Complaint, no deposits were made into his prison trust fund account and the

1

1   U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

2   the initial partial filing fee from Mr. Smith's trust account and forward it to the Clerk of the

3   Court.  Thereafter, Mr. Smith will be obligated for monthly payments of twenty percent of the

4   preceding month's income credited to his prison trust account.  These payments will be

5   forwarded by the appropriate agency to the Clerk of the Court each time the amount in his

6   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

7       Under 28 U.S.C. § 1915A, this Court must "review, before docketing . . . or . . . as soon

8   as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress

9   from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

10   1915A(a).  "On review, the court [must] identify cognizable claims or dismiss . . . any portion of

11   the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which

12   relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

13   relief."  28 U.S.C. §1915A(b).  This Court must therefore determine whether Mr. Smith's

14   Complaint states a cognizable claim for relief with respect to each named defendant.

15       The Court has reviewed Mr. Smith's Complaint and determined that it states cognizable

16   claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Castrillo

17   and McMasters.  According to the Complaint, defendants Castrillo and McMasters "had [Mr.

18   Smith] escorted out of the [prison] Clinic" when he attempted to complain to them about severe

19   stomach pain.  Complaint at 3.  If that allegation is proven, Mr. Smith has a reasonable

20   opportunity to prevail against defendants Castrillo and McMasters on the merits of his action.

21       Mr. Smith's Complaint does not, however, state cognizable claims for relief against

22   named defendants Grannis, Naku, Traquina, or Jessup.  The basis of the Complaint is that prison

23   doctors and officials acted with deliberate indifference towards Mr. Smith by delaying and

24   denying treatment for scabs and sores on his scalp and pain in his stomach.  The Complaint's

25   _____

26   account at all times had a zero or negative balance.  *See* Docket No. 2.

2

only mention of Dr. Grannis is its allegation that Dr. Grannis issued an order on June 14, 2004

directing "[t]he CTF Health Care Manager (HCM) [to] ensure that [Mr. Smith's] minor surgery

for scalp lesions is promptly completed as determined to be medically necessary." Exhibit to

Complaint. That allegation does not suggest deliberate indifference. Dr. Naku, similarly, is

mentioned only once: the Complaint states merely that Dr. Naku "provided [Mr. Smith] with

antibiotics to combat [an] infection" in his stomach. Complaint at 3. That sentence does not

allege deliberate indifference by Dr. Naku. The Complaint alleges no conduct at all on the part

of defendants Traquina and Jessup.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee of $0.00. All fees shall be collected and paid in accordance

with this court's order to the Director of the California Department of Corrections and

Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants:

a. MTA Castrillo

b. MTA McMasters.

4. The Clerk of the Court shall send plaintiff two (2) USM-285 forms, one summons, an

instruction sheet and a copy of the complaint filed October 24, 2006.

5. Within thirty days from the date of this order, plaintiff shall complete the attached

Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for each defendant listed in number 3 above;

and

d. Three (3) copies of the endorsed complaint filed October 24, 2006.

3

1    6.  Plaintiff need not attempt service on defendants and need not request waiver of

2   service.  Upon receipt of the above-described documents, the court will direct the United States

3   Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4

4   without payment of costs.

5    7.  Plaintiff's Complaint is DISMISSED without prejudice as to Defendants Grannis,

6   Naku, Traquina, and Jessup.  Plaintiff is granted thirty (30) days from the date of this order to

7   file an Amended Complaint asserting cognizable claims for relief against those defendants.

8

9   DATED: August 16, 2007

10

11                                           /s/ Arthur L. Alarcón
                                             UNITED STATES CIRCUIT  JUDGE
12                                           Sitting by Designation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REGINALD SMITH,

11            Plaintiff,                    No. CIV S-06-2340 ALA

12        vs.

13   B. NAKU, et al.,                      NOTICE OF SUBMISSION

14            Defendants.                   OF DOCUMENTS

15   _____/

16            Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18            _____        completed summons form

19            _____        completed USM-285 forms

20            _____        copies of the _____
                                        Complaint/Amended Complaint

21   DATED:

22

23                                        _____

24                                        Plaintiff

25

26