1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REGINALD SMITH,

11              Plaintiff,                    No. CIV S-06-2340 ALA P

12        vs.

13   B. NAKU, et al.,

14              Defendants.

15   _____/            ORDER

16        Plaintiff Reginald Smith is a state prisoner proceeding pro se and informa pauperis.  He

17   seeks relief pursuant to 42 U.S.C. § 1983.  On August 17, 2007, this court screened Mr. Smith's

18   complaint and found service appropriate for defendants Castrillo and McMasters.  Mr. Smith

19   was also granted thirty days to file an amended complaint.  On September 13, 2007, Mr. Smith

20   filed an amended complaint, a motion for an evidentiary hearing, documents for service of

21   process and a document entitled "Petitioner's Motion For Relief."

22        Under 28 U.S.C. § 1915A, this court must "review, before docketing . . . or . . . as soon as

23   practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

24   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

25   "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the

26   complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which

1

1  relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

2  relief." 28 U.S.C. §1915A(b). This court must therefore determine whether Mr. Smith's

3  complaint states a cognizable claim for relief with respect to each named defendant.

4        Review of the amended complaint finds a document that is somewhat illegible and

5  indecipherable. As such, the amended complaint will be dismissed and Mr. Smith will be given

6  leave to file an amended complaint.

7        If Mr. Smith chooses to file an amended complaint, he must demonstrate how the

8  conditions complained of have resulted in a deprivation of his constitutional rights. *Ellis v.*

9  *Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how

10 each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there

11 is some affirmative link or connection between a defendant's actions and the claimed

12 deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.

13 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

14 allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of*

15 *Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

16       In addition, Mr. Smith is informed that the court cannot refer to a prior pleading in order

17 to make his amended complaint complete. Local Rule 15-220 requires that an amended

18 complaint be complete in itself without reference to any prior pleading. This is because, as a

19 general rule, an amended complaint supersedes the original complaint. *Loux v. Rhay*, 375 F.2d

20 55, 57 (9th Cir. 1967). Once Mr. Smith files an amended complaint, the original pleading no

21 longer serves any function in the case. Therefore, in an amended complaint, as in an original

22 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23       The court will suspend ordering service of defendants Castrillo and McMasters, as well

24 as ruling on Mr. Smith's motion for an evidentiary hearing and relief, pending an amended

25 complaint or notice from Mr. Smith that he intends to proceed on the original complaint.

26       In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's amended

1  complaint is DISMISSED without prejudice.  Plaintiff is granted forty-nine (49) days from the

2  date of this order to file an amended complaint asserting cognizable claims for relief.

3  /////

4  DATED: November 1, 2007

5

6                                            /s/ Arthur L. Alarcón
                                             UNITED STATES CIRCUIT  JUDGE
7                                            Sitting by Designation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26