IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD SMITH,

      Plaintiff,                      No. CIV S-06-2340 GEB DAD P

   vs.

B. NAKU, et al.,

      Defendants.            <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        By order filed August 17, 2007, the court determined that plaintiff's complaint appeared to state cognizable claims for relief against defendants Castrillo and McMasters. However, the court also determined that the complaint failed to state cognizable claims against defendants Grannis, Naku, Traquina, and Jessup, and granted plaintiff thirty days leave to file an amended complaint. On September 13, 2007, plaintiff filed an amended complaint, but the court found it illegible and indecipherable and dismissed it with leave to file another amended complaint. Plaintiff has filed an amended complaint. Therein, plaintiff alleges that he suffers from stomach scalp conditions that require treatment and defendants have been deliberately indifferent to his medical needs in violation of the Eighth Amendment.

1

The court finds that plaintiff's amended complaint appears to state cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Castrillo, McMasters, Naku, and Xoriega.[1]  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court also finds that plaintiff's amended complaint does not state a cognizable claim against defendants Traquina and Jessup.  The court previously advised plaintiff that he was required to allege with at least some degree of particularity overt acts which each defendant engaged in to support his claims against them.  Plaintiff has failed to allege any facts establishing a specific causal link between the actions of defendants Traquina and Jessup and the claimed constitutional violations.

Also before the court is plaintiff's motion requesting preliminary injunctive relief against staff at San Quentin State Prison.  In the motion, plaintiff claims that prison officials are denying him access to the law library and not delivering his mail in a timely fashion.  Court records indicate that plaintiff is no longer incarcerated at San Quentin State Prison.  When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  Accordingly, the court will deny plaintiff's motion as moot.[2]

---

[1] Although plaintiff has named a defendant "Xoriega," in the exhibits attached to his complaint, prison officials refer to a "Dr. Noriega," but not a "Dr. Xoriega."

[2] In his motion, plaintiff also requests that any injunction apply to prisons that he may be transferred to in the future.  Plaintiff is advised that, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).  In addition, plaintiff is advised that this court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Finally, plaintiff is advised that the court will not entertain any future request or motion for injunctive relief that is not supported by (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought.  See Local Rule 65-231.

Accordingly, IT IS HEREBY ORDERED that:

1. Service of the amended complaint is appropriate for the following defendants: Castrillo, McMasters, Naku, and Xoriega.

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet, and a copy of the amended complaint filed December 10, 2007.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Five copies of the amended complaint, including the exhibits attached thereto, filed December 10, 2007.

4. Plaintiff shall not attempt to effect service of the amended complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. Plaintiff's October 15, 2007 motion for injunctive relief is denied as moot.

6. Plaintiff's December 6, 2007 request to add defendant Xoriega to his amended complaint is denied as unnecessary.

DATED: May 29, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
smit2340.1am

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD SMITH,

        Plaintiff,                      No. CIV S-06-2340 GEB DAD P

    vs.

B. NAKU, et al.,                     NOTICE OF SUBMISSION

        Defendants.             OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        \_\_\_\_\_ <u>one</u> completed summons form;

        \_\_\_\_\_ <u>four</u> completed USM-285 forms; and

        \_\_\_\_\_ <u>five</u> true and exact copies of the amended complaint, including the exhibits attached thereto, filed December 10, 2007.

DATED: _____.

                                                                 _____
                                                                 Plaintiff