IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD SMITH,

        Plaintiff,                     No. CIV S-06-2340 GEB DAD P

    vs.

B. NAKU, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On July 1, 2008, plaintiff filed several requests.

        First, plaintiff has filed a request to appear at all court hearings. Plaintiff is informed that such a request is unnecessary. The court will issue an order and writ requiring plaintiff's appearance at the appropriate time if necessary.

        Second, plaintiff has filed a document styled "Petition for Writ of Mandate." Therein, plaintiff alleges that he has been denied access to the law library, denied adequate copies of his court documents, and denied access to the courts. Plaintiff requests injunctive relief and a writ ordering prison officials to allow him daily access to the law library without distractions from staff and deputies. The court has construed plaintiff's "petition" as a request for injunctive relief.

1  Plaintiff is advised that "the Constitution does not guarantee a prisoner unlimited access to a law library." Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). In addition, plaintiff is advised he must demonstrate an "actual injury" to state a cognizable claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). At least with regard to the present case, plaintiff has not missed a filing deadline or otherwise been unduly affected by his alleged inability to access the law library. Finally, as the court previously advised plaintiff, this court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). In any event, in his "petition" plaintiff has not identified any individual allegedly responsible for denying him access to the law library or to the courts. In this regard, plaintiff's request for injunctive relief is overly broad and conclusory. Accordingly, plaintiff's request will be denied without prejudice.[1] In the event that plaintiff continues to experience problems gaining access to the library or legal research materials, he may file an administrative grievance at his institution. See Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare.").

Third, plaintiff has filed another proposed amended complaint. On May 30, 2008, this court found that plaintiff's second amended complaint appeared to state a cognizable claim for relief against defendants Castrillo, McMasters, Naku, and Noriega. However, the court also found that plaintiff's second amended complaint did not state a cognizable claim against defendants Traquina and Jessup. In his proposed third amended complaint, plaintiff has attached

---

[1] As the court previously informed plaintiff, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). In addition, the court will not entertain any future request for injunctive relief that is not supported by (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 65-231.

Case 2:06-cv-02340-GEB-DAD   Document 38   Filed 07/09/08   Page 3 of 7

to a copy of his second amended complaint several pages with new, but indecipherable, allegations against defendants Traquina and Jessup.

Plaintiff is advised that the Federal Rules of Civil Procedure provide that a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). In all other cases, such as here, plaintiff may amend his pleading only with the opposing party's written consent or the court's permission. Plaintiff has not sought or received the court's permission to amend his complaint. Moreover, even if the court had granted plaintiff leave to amend, plaintiff's proposed third amended complaint is difficult to decipher and otherwise fails to state a claim for relief. For example, in addition to his confusing allegations, plaintiff refers to a number of his exhibits, which appear to have little to do with defendants Traquina and Jessup or which fail to demonstrate any overt acts these defendants engaged in to support his claims against them. Plaintiff also complains about defendant Traquina's resolution of his administrative appeals. However, a defendant's resolution of inmate appeals alone does not provide a basis upon which to impose liability under § 1983. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific grievance procedure") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Finally, plaintiff appears to complain about conditions of confinement at Santa Rita Jail, where he was transferred after commencement of this action. These allegations appear to raise unexhausted claims. Plaintiff is advised that the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, for the foregoing reasons, the court will disregard plaintiff's July 1, 2008 proposed third amended complaint. The case will proceed on plaintiff's December 6, 2007 second amended complaint against defendants Castrillo, McMasters, Naku, and Noriega, and in accordance with this court's May 30, 2008 order.

        Fourth, plaintiff has filed a request for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

        Fifth, plaintiff has filed a notice of clerical error. Plaintiff informs the court that defendant Xoriega is actually defendant Noriega. The court previously advised plaintiff of this possible clerical error. Good cause appearing, the court will direct the Clerk of the Court to amend the docket to reflect that Dr. Noriega is a defendant in this action. Plaintiff has also expressed some confusion as to which complaint he is proceeding on in this action. As discussed above, the case will proceed on plaintiff's December 6, 2007 second amended complaint against defendants Castrillo, McMasters, Naku, and Noriega, and in accordance with this court's May 30, 2008 order.

        Sixth, plaintiff has filed a request for assistance in submitting his July 1, 2008 documents. Plaintiff is advised that his July 1, 2008 documents were properly filed and considered herein. Accordingly, his request for assistance will be denied as unnecessary.

        Finally, by an order filed May 30, 2008, this court ordered plaintiff to complete and return to the court, within thirty days, the USM-285 forms and other documents necessary to

4

effect service on defendants. On July 1, 2008, plaintiff submitted the USM-285 forms but failed to file five copies of his second amended complaint. Plaintiff is advised that the court does not make copies of documents for the parties. However, in light of plaintiff's alleged inability to access the library, the court will grant plaintiff an additional thirty days to submit five copies of his second amended complaint as required by the court's May 30, 2008 order. Plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 1, 2008 request to appear at all court hearings is denied as unnecessary;

2. Plaintiff's July 1, 2008 petition for writ of mandate, construed as a request for injunctive relief, is denied without prejudice;

3. Plaintiff's July 1, 2008 proposed third amended complaint is disregarded. The case will proceed on plaintiff's December 6, 2007 second amended complaint against defendants Castrillo, McMasters, Naku, and Noriega, and in accordance with this court's May 30, 2008 order;

4. Plaintiff's July 1, 2008 request for appointment of counsel is denied;

5. The Clerk of the Court is directed to amend the docket to reflect that Dr. Noriega is a defendant in this action;

6. Plaintiff's July 1, 2008 request for assistance in filing documents is denied as unnecessary;

7. The Clerk of the Court is directed to send plaintiff a copy of the second amended complaint, including the exhibits attached thereto, filed December 6, 2007; and

8. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit to the court five copies of his

/////

1  December 6, 2007 second amended complaint.  Failure to comply with this order may result in a
2  recommendation that this action be dismissed.
3  DATED: July 8, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:9
   smit2340.amc

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD SMITH,

        Plaintiff,                  No. CIV S-06-2340 GEB DAD P

    vs.

B. NAKU, et al.,                    NOTICE OF SUBMISSION

        Defendants.             OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        ____ <u>Five</u> true and exact copies of the second amended complaint, including the exhibits attached thereto, filed December 6, 2007.

DATED: _____.

                                                         _____
                                                          Plaintiff