IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD SMITH,

        Plaintiff,                             No. CIV S-06-2340 GEB DAD P

    vs.

B. NAKU, et al.,

        Defendants.                   <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action. Several of plaintiff's requests are pending before the court.

        First, plaintiff has filed a motion for an extension of time to respond to defendants' discovery requests. Good cause appearing, plaintiff's motion will be granted.

        Plaintiff has also filed a document styled "Petitioner Motion for Defendants Default to 45 Days Order of Discovery." Plaintiff appears to claim that defendants have not responded to his discovery requests in a timely fashion. If this is the case, plaintiff is advised that he should bring a motion to compel defendants' responses, not a request for default.

        Finally, plaintiff has filed a motion for appointment of counsel. As the court previously advised plaintiff on several occasions, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.

1

Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 9, 2009 motion for an extension of time (Doc. No. 59) is granted;

2. Plaintiff is granted ninety days from the date of this order in which to serve responses to defendants' discovery requests;

3. Plaintiff's March 9, 2009 request for default (Doc. No. 60) is denied; and

4. Plaintiff's March 9, 2009 motion for appointment of counsel (Doc. No. 61) is denied.

DATED: March 13, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:kly
smit2340.31+36